IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM "LUKE" PETTIGREW and DOREEN A. PETTIGREW,** : <br> : <br> **Plaintiffs** : <br> : <br> v. : <br> : <br> **MIDDLETOWN AREA SCHOOL DISTRICT,** : <br> : <br> **Defendant** : | CIVIL ACTION NO. 1:05-CV-0468 <br><br> (Judge Conner) |

## MEMORANDUM

Presently before the court is a motion by defendant Middletown Area School District ("School District") to dismiss the claims of plaintiffs William "Luke" Pettigrew ("Luke") and Doreen A. Pettigrew ("Doreen"), brought pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1491o, the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, the Rehabilitation Act, 29 U.S.C. §§ 790-794e, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and 42 U.S.C. § 1983. For the reasons that follow, the motion will be granted in part and denied in part.

**I.   Statement of Facts**[1]

Luke is a twenty-two year old with a severe language-based learning disability in the areas of basic reading, reading comprehension, math reasoning,

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

and written expression. He entered the School District in fifth grade for the 1995-1996 school year and graduated from the School District in June 2003. (Doc. 18 ¶¶ 1, 6, 34, 50.) The complaint avers that the School District failed to provide Luke with a free appropriate public education ("FAPE") and discriminated against him by failing to provide appropriate educational services and supports. (Doc. 18 ¶ 1.) Luke alleges that the School District's actions and inactions violated the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1491o, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12134, the Rehabilitation Act, 29 U.S.C. §§ 790-794e, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and 42 U.S.C. § 1983. (Doc. 18 ¶ 14.) Luke also alleges that the School District has a policy, custom, or practice of engaging in these unlawful activities. (Doc. 18 ¶ 116.) Luke's mother, Doreen, also brings these claims on behalf of Luke and in her own right.[2] (Doc. 18 ¶ 2.) Plaintiffs seek damages, including punitive damages, for these alleged violations during the 1995-1996 and 1997-2003 school years.[3] (Doc. 18 ¶¶ 1-2, 11.)

Before filing the instant action, plaintiffs exhausted all available administrative remedies. (Doc. 18 ¶ 15.) On September 3, 2004, plaintiffs were awarded 343.5 hours of compensatory education by an administrative hearing

---

[2] The complaint is unclear as to which claims Doreen brings in her own right. For the purposes of the instant motion, the court will assume that she does so for all claims.

[3] Plaintiffs do not seek damages for Luke's sixth grade year (1996-1997) when he attended the Scotland School. (Doc. 18 ¶¶ 1-2, 56.)

officer. However, plaintiffs were denied reimbursement for an independent educational evaluation, retention of an educational consultant, and tutoring services provided to Luke from April 1, 2002 through June 6, 2003. (Doc. 18 ¶ 8.) Plaintiffs appealed the decision, and the Appeals Panel reversed the hearing officer's award of 343.5 hours of compensatory education[4] and affirmed the remainder of the hearing officer's decision. (Doc. 18 ¶¶ 9-10.) In the instant action, plaintiffs appeal the decision of the Appeals Panel. Plaintiffs argue that the Appeals Panel should not have reversed the 343.5 hours of compensatory education awarded by the hearing officer or applied a one-year statute of limitations pursuant to Montour School District. v. S.T., 805 A.2d 29 (Pa. Commw. Ct. 2002). (Doc. 18 ¶ 12.) Plaintiffs also appeal the denial of reimbursement for an independent educational evaluation, retention of an educational consultant, and tutoring services. (Doc. 18 ¶ 13.)

The School District filed the instant motion to dismiss (Doc. 22), arguing that: (1) Doreen, as a parent, has no standing to be a plaintiff in this case, (2) school districts, as municipalities, are not subject to punitive damages under the statutes at issue, (3) plaintiffs fail to establish a right of action pursuant to 42 U.S.C. § 1983, (4) plaintiffs did not timely appeal the hearing officer's decision to the Appeals Panel, (5) plaintiffs did not timely appeal the Appeals Panel decision to this court,

---

[4] In reversing this award, the Appeals Panel applied a one-year statute of limitations pursuant to Montour School District. v. S.T., 805 A.2d 29 (Pa. Commw. Ct. 2002). (Doc. 18 ¶ 10.)

(6) plaintiffs fail to state an equal protection claim,[5] and (7) plaintiffs have no substantive due process claim.[6] The motion has been fully briefed and is ripe for disposition.

## II.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of claims that fail to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d

---

[5] In challenging plaintiffs' equal protection claim, the School District contends that plaintiffs do not allege that Luke was a member of a particular class or that he was treated differently from other members of the class. See Brown v. Borough of Mahaffey, 35 F.3d 846, 850 (3d Cir. 1994) (citing City of Cleburne v. Cleburne Living Ctr, 473 U.S. 432 (1985)). Plaintiffs have not presented any counter-arguments or otherwise acknowledged their equal protection claim in their brief in opposition. (Compare Doc. 23 at 9-10, with Doc. 27.) Accordingly, the court concludes that plaintiffs abandoned this claim, and the court will dismiss the equal protection claim without further discussion. See D'Angio v. Borough of Nescopeck, 34 F. Supp. 2d 256, 265 (M.D. Pa. 1999) (noting that abandonment of a position is tantamount to waiver); L.R. 7.6.

[6] The School District contends that plaintiffs' substantive due process claim should be dismissed because education is not a fundamental right and because the School District's actions cannot be characterized as conscience shocking. See San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1 (1973); County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). As with their equal protection claim, see supra note 5, plaintiffs have not presented any counter-arguments or otherwise acknowledged their substantive due process claim in their brief in opposition. (Compare Doc. 23 at 10-11, with Doc. 27.) Accordingly, the court concludes that plaintiffs abandoned this claim, and the court will dismiss the substantive due process claim without further discussion. See D'Angio, 34 F. Supp. 2d at 265 (noting that abandonment of a position is tantamount to waiver); L.R. 7.6.

Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)).  Although the court is generally limited in its review to the face of the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice pleading rules do not require plaintiffs to allege affirmatively every aspect of their claims, but only to present sufficient facts to allow the opposing party to conduct discovery and prepare a defense.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Thus, courts should not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id.; see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Under this liberal pleading policy, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**III.   Discussion**

    **A.   Parent's Standing**

The School District argues that Doreen does not have standing to sue *in her own right* for the alleged violations of her child's rights under the IDEA, Title II of the ADA, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.[7]  The court agrees. In the instant action, Doreen seeks to redress the emotional and financial harm that *she* suffered, and continues to suffer, as a result of the School District's alleged failure to provide Luke with a FAPE and the alleged corresponding discrimination. (Doc. 18 ¶ 11.)  Notably, Doreen does not allege any *procedural* violations under the IDEA.  See Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 234 (3d Cir. 1998) ("[I]t is undisputed that parents do possess rights under the IDEA; indeed, they possess explicit rights in the form of procedural safeguards."); see also Green v. Cape Henlopen Sch. Dist., No. 04-920, 2005 WL 3413320, at *4 (D. Del. Dec. 13, 2005) (stating that a parent has "a right to procedural due process at an administrative hearing, independent of and separate from the right that [her child] has").

Recognizing the *procedural* rights of parents under the IDEA, the Third Circuit held that the IDEA does not confer *substantive* rights on parents.  See Collinsgru, 161 F.3d at 234-36; id. at 236 ("We conclude that the IDEA's language

---

    [7] Although the School District contends that Doreen does not have standing to be a plaintiff in the instant action in any capacity, the School District's arguments deal only with Doreen's *individual* claims, not her claims on Luke's behalf. Therefore, in the context of the instant motion, the court will only address Doreen's standing to sue *in her own right* for the alleged violations of her child's rights under the IDEA, Title II of the ADA, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.

and legislative history, as well as case law and policy considerations, suggest that Congress did not clearly intend to create joint rights in parents under the IDEA.").[8] Therefore, Doreen lacks standing to sue in her own right for the alleged substantive violations of Luke's rights under the IDEA. Doreen's other individual claims, brought pursuant to Title II of the ADA, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983, are based solely on these alleged violations of the IDEA. Hence, Doreen also lacks standing to bring these claims in her own right. See, e.g., M.M. v. Tredyffrin/Easttown Sch. Dist., No. 06-1966, 2006 WL 2561242, at *5 (E.D. Pa. Sept. 1, 2006); Irene B. v. Phila. Acad. Charter Sch., No. 02-1716, 2003 WL 24052009, at * 5 (E.D. Pa. Jan. 29, 2003); Susavage v. Bucks County Sch. Intermediate Unit No. 22, No. 00-6217, 2002 WL 109615, at * 21 (E.D. Pa. Jan. 22, 2002). Accordingly, the court will grant the motion to dismiss with respect to Doreen's individual claims[9] under the IDEA, Title II of the ADA, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.[10]

---

[8] See also M.M. v. Tredyffrin/Easttown Sch. Dist., No. 06-1966, 2006 WL 2561242, at *5 (E.D. Pa. Sept. 1, 2006); Green, 2005 WL 3413320, at *4 & n.8; Dombrowski v. Wissahickon Sch. Dist., No. 01-5094, 2003 WL 22271654, at *7 (E.D. Pa. Sept. 30, 2003); Irene B. v. Phila. Acad. Charter Sch., No. 02-1716, 2003 WL 24052009, at * 5 (E.D. Pa. Jan. 29, 2003); Susavage v. Bucks County Sch. Intermediate Unit No. 22, No. 00-6217, 2002 WL 109615, at * 20 (E.D. Pa. Jan. 22, 2002).

[9] For the remainder of this opinion, the term "plaintiffs" includes Doreen in her representative capacity only.

[10] The court notes that, despite the dismissal of Doreen's individual claims, the court can order parental reimbursement based on a child's IDEA claim. See Tredyffrin/Easttown, 2006 WL 2561242, at *5 n.4 (citing Matthew M. ex rel. William

**B.     Punitive Damages**

Plaintiffs seek punitive damages for the School District's alleged violations under the IDEA, Title II of the ADA, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.  The general rule is that a municipality[11] is not subject to punitive damages unless Congress intended to authorize these damages against a municipality.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 (1981); see also Doe v. County of Centre, Pa., 242 F.3d 437, 456 (3d Cir. 2001).  As applied to municipalities, such damages are against public policy because they punish "only the taxpayers, who took no part in the [violation]."  City of Newport, 453 U.S. at 267.

Plaintiffs cite to W.B. v. Matula, 67 F.3d 484 (3d Cir. 1995), for the proposition that they are entitled to punitive damages for all of their claims.  (Doc. 27 at 6.) However, Matula did not involve a municipality.  See id. at 491 (stating that after "the parties consented or stipulated to the dismissal of a number of defendants . . . . [the plaintiff] sued nine persons in their official and individual capacities").  The Supreme Court held that a "municipality is immune from punitive damages under 42 U.S.C. § 1983."  City of Newport, 453 U.S. at 271.  Extending the rationale of City of Newport, the Third Circuit held that a municipality is immune from punitive damages under Title II of the ADA and § 504 of the Rehabilitation Act.  Doe, 242

---

M. v. William Penn Sch. Dist., No. 01-7177, 2002 WL 1286910, at *3 (E.D. Pa. June 11, 2002) and Florence County Sch. Dist. Four v. Carter, 510 U.S. 7, 11-12 (1993)).

[11] See E.D. v. Phila. Academy Charter Sch., No. 02-1716, 2003 WL 24052009, at *11 ("A public school district is a municipal entity.").

F.3d at 455-58; see also Barnes v. Gorman, 536 U.S. 181, 189 (2002).  Although the Supreme Court and the Third Circuit have not specifically addressed the application of punitive damages to a municipality under the IDEA, plaintiffs offer no evidence, and the court finds none, that Congress intended the IDEA to authorize punitive damages against a municipality.  Therefore, the court finds the reasoning of City of Newport and Doe applicable to claims for punitive damages against a municipality under the IDEA.  See, e.g., Susavage, 2002 WL 109615, at * 20 (holding that a municipality is immune from punitive damages under the IDEA); Dombrowski v. Wissahickon Sch. Dist., No. 01-5094, 2001 U.S. Dist. LEXIS 24185, at *8 (E.D. Pa. Dec. 17, 2001) (same); see also T.B. v. Upper Dublin Sch. Dist., No. 03-2120, 2003 WL 22717391, at *2 n.2 (E.D. Pa. Nov. 17, 2003).  Accordingly, the court will grant the motion to dismiss plaintiffs' claims for punitive damages.

### C.    Claims under 42 U.S.C. § 1983

Plaintiffs seek to hold the School District liable under 42 U.S.C. § 1983 for the actions or inactions of its employees.  The theory of *respondeat superior* cannot be the basis for such liability; "[r]ather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a . . . violation."  Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) and Bd. of County Comm'rs v. Brown, 520 U.S. 397, 400 (1997)); see also Irene B., 2003 WL 24052009, at * 11.

In the instant complaint, plaintiffs aver that the alleged violations under the IDEA, Title II of the ADA, and § 504 of the Rehabilitation Act resulted from a policy, custom, or practice of the School District.  (Doc. 18 ¶ 116.)  To prevail on the § 1983 claims at trial, plaintiffs will need to demonstrate that a School District employee(s) violated Luke's federally protected rights while implementing an official policy, custom, or practice of the School District.  See Hill v. Borough of Kutztown, 455 F.3d 225, 245 (3d Cir. 2006) (describing the circumstances under which an individual's conduct implements an official policy or practice); see also Ind. Area Sch. Dist. v. H.H. ex rel. K.H., No. 04-1696, 2005 WL 3970591, at *11 (W.D. Pa. July 25, 2005); Irene B., 2003 WL 24052009, at * 11.  However, at this stage, the allegations are sufficient to survive a motion to dismiss.  Therefore, the court will deny the motion to dismiss the § 1983 claims.

**D.     Timeliness of Plaintiffs' Appeals**

**1.     Hearing Officer's Decision**

The School District argues that plaintiffs did not timely appeal the hearing officer's decision.  To appeal a hearing officer's decision, a party must file exceptions with the Office for Dispute Resolution ("ODR").  See Office for Dispute Resolution, Hearing Officer Handbook § 802 at 32 (June 2004) [hereinafter "HOH"], available at http://www.pattan.k12.pa.us/odr/PDFs/HOH.pdf.

> Exceptions and any accompanying brief must be *received* by ODR no later than fifteen (15) calendar days after the receipt of the Hearing Officer's decision by the excepting party's legal counsel or by the non-represented excepting party.  It is the date the exceptions are

> received by the ODR rather than the date the exceptions are sent that determines whether the fifteen (15) day time limit has been adhered to.
>
> A copy of the exceptions and brief, if filed, must be *sent* to the opposing party and the representative of that party no later than the date that the exceptions are filed with ODR. . . .

Id. at 33 (emphasis added).[12] A party that fails to file timely exceptions waives all objections to the hearing officer's decision. See id. § 809 at 36.

In the matter *sub judice*, the parties agree that: (1) the hearing officer *emailed* the decision to counsel on September 3, 2004 (Doc. 14, Ex. 9 at 3 n.1; Doc. 14, Ex. 10 ¶ 2); (2) the hearing officer *mailed* the decision to counsel on September 7, 2004 (Doc. 14, Ex. 10 ¶ 4; Doc. 14, Ex. 12 at 2); and (3) plaintiffs filed exceptions with ODR on September 23, 2004 (Doc. 14, Ex. 9 ¶ 5 at 4; Doc. 14, Ex. 10 ¶ 5). Plaintiffs allege that they received the mailed decision on September 8, 2004, which would make the September 23 exceptions timely.[13] (Doc. 14, Ex. 9 at 3.) The School District argues that the relevant receipt date is the date the hearing officer emailed the decision, September 3, 2004, which would make the September 23 exceptions untimely. However, the School District offers no cases or legal support, and the court finds none, for the proposition that the receipt date can be based on

---

[12] The Hearing Officer Handbook also provides that "[i]n computing any period of time allowed by these procedures, the day of the receipt of the Hearing Officer decision when filing exceptions, or the day of the receipt of the exceptions when filing answers, shall not be included." HOH, supra, § 805 at 34.

[13] Plaintiffs also allege that, although technically received by their counsel on September 3, 2004, the hearing officer's email was not actually received or reviewed until September 8, 2004 after plaintiffs' counsel returned from a scheduled vacation. (Doc. 14, Ex. 9 at 3 n.1 & ¶¶ 2-3 at 4.)

11

the date of a hearing officer's email.[14]  Accordingly, the court will deny the motion to dismiss on this ground.[15]

### 2. Appeals Panel Decision

The School District argues that plaintiffs did not timely appeal the Appeals Panel decision dated October 28, 2004.  In December 2004, Congress amended the IDEA and included the following statute of limitations, which became effective July 1, 2005:

> (B) Limitation.  The party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows.

20 U.S.C. § 1415(i)(2)(B).  Prior to this amendment, the statute of limitations for such an appeal was two years.  See P.S. v. Princeton Reg'l Schs. Bd. of Educ., No. 05-4769, 2006 WL 38938, at *1 (D.N.J. Jan. 5, 2006) (citing Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 251 (3d Cir. 1999)).

It is undisputed that the Appeals Panel issued its decision prior to the effective date of the amended IDEA.  Without legal support, the School District

---

[14] Indeed, the Appeals Panel determined that the Hearing Officer Handbook "does not provide for service of the Hearing Officer's decision by email," but only by "certified, return receipt requested mail" and found that plaintiffs timely filed their exceptions.  (Doc. 14, Ex. 2 at 2-3 (citing HOH, supra, § 703 at 31)).

[15] The School District also contends that it did not *receive* plaintiffs' exceptions until September 28, 2004.  (Doc. 23 at 5; Doc. 14, Ex. 10 ¶ 5-6.)  However, the applicable date is the date that the exceptions were *sent* to the School District.  See HOH, supra, § 802 at 33.  Therefore, the court will deny the motion to dismiss on this ground.

contends that plaintiffs should have filed the instant complaint, at the latest, within 90 days from the July 1, 2005 effective date of the amendment, i.e., that the new statute of limitations should be retroactively applied to plaintiffs. The School District offers no argument to counter the presumption against retroactive application. See Landgraf v. USI Film Prods., 511 U.S. 244, 280 (1994) ("If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result."), cited in Princeton Reg'l Schs., 2006 WL 38938, at *2. Indeed, our sister court in the District of New Jersey, addressing this precise issue, denied the defendant's motion to dismiss, holding that the new statute of limitations could not be applied retroactively to an administrative decision issued before the effective date of the amended IDEA. See Princeton Reg'l Schs., 2006 WL 38938, at *2; see also R.G. v. Glen Ridge Bd. of Educ., No. 05-3017, 2005 WL 3274857, at *4 (D.N.J. Dec. 2, 2005).

The School District also fails to address the other reasons for denying retroactive application outlined by the Princeton Regional Schools court. First, in addressing the 2004 amendments to the IDEA, "the Third Circuit expressly stated that [the amendments] have prospective application only." Princeton Reg'l Schs., 2006 WL 38938, at *2 (citing Lawrence Twp. Bd. of Educ. v. New Jersey, 417 F.3d 368, 370 (3d Cir. 2005)). In addition, a retroactive application of the limitations period "would 'significantly impair existing rights and thereby disappoint legitimate expectations.' Namely, the two-year limitations period . . . would be cut short, and the plaintiffs' expected time in which to bring their claim unfairly curtailed." Id.

(quoting Gen. Motors Corp. v. Romein, 503 U.S. 181, 191 (1992)). The court agrees with its sister court in New Jersey and finds no justification for retroactively applying the new 90-day statute of limitations to the instant case. Accordingly, the court will deny the motion to dismiss on this ground.[16]

## IV. Conclusion

For the reasons set forth above, the motion to dismiss is granted in part and denied in part. An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: September 26, 2006

---

[16] The School District contends that plaintiffs waived any argument regarding this issue and that, therefore, the court should grant its motion to dismiss the complaint as untimely because plaintiffs did not address this issue in their brief in opposition. (See Doc. 28 at 2-3.) The court finds that plaintiffs have not conceded this point. Plaintiffs implicitly argue that their complaint is timely by addressing the substantive aspects of the motion to dismiss. And, as discussed supra, the School District offers no cases or legal support for its tenuous contention that the new statute of limitations should be applied retroactively.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM "LUKE" PETTIGREW** and **DOREEN A. PETTIGREW,** | : : : | **CIVIL ACTION NO. 1:05-CV-0468** |
| | : | **(Judge Conner)** |
| **Plaintiffs** | : : | |
| v. | : : | |
| **MIDDLETOWN AREA SCHOOL DISTRICT,** | : : : : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 26th day of September, 2006, upon consideration of the motion to dismiss (Doc. 22), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion to dismiss (Doc. 22) is GRANTED in part and DENIED in part as follows:

1. The motion to dismiss (Doc. 22) is GRANTED as follows:

    a. Plaintiff Doreen A. Pettigrew's personal claims for violations of her son's rights under the Individuals with Disabilities Education Act, Title II of the Americans with Disabilities Act, § 504 of the Rehabilitation Act, and 42 U.S.C. § 1983 are DISMISSED.

    b. Plaintiffs' claims for punitive damages are DISMISSED.

    c. Plaintiffs' equal protection and substantive due process claims are DISMISSED.

2. The motion to dismiss (Doc. 22) is otherwise DENIED.

3. Leave to amend is DENIED as futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge